UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN FERMIN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LONNIE GENE III HINSON; ALLIANCE FABRICATION & PROCESS PIPING LLC, a business entity form unknown; and DOES 1 through 50, inclusive<br><br>　　　　　　Defendants. | Case No. 2:23-cv-1590-SPG-AFM<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [ECF No. 12]** |

Before the Court is Plaintiff Juan Fermin's ("Plaintiff") Motion to Remand ("Motion"). (ECF No. 12 ("Mot.")). Having considered the Motion, the complaint, the notice of removal, the opposition to the Motion, the relevant law, and the record in this case, the Court finds pursuant to Federal Rule of Civil Procedure 78(b) and Central District of California Local Rule 7-15 that the matter is suitable for resolution without oral argument. For the reasons stated below, the Court DENIES the Motion.

**I.　BACKGROUND**

On September 20, 2022, Plaintiff filed in the Los Angeles County Superior Court a form complaint ("Complaint") against Alliance Fabrication & Piping LLC ("Alliance"), a

1   "business entity form unknown," and Lonnie Gene III Hinson ("Hinson") (collectively, "Defendants"). (ECF No. 1-1 at 2 ("Compl.")). The Complaint alleges two causes of action labeled "Motor Vehicle" and "General Negligence," respectively. (Id. at 4). As to the first cause of action, the Complaint alleges that, on September 25, 2022, on Interstate 605 near State Route 60 and in the City of Industry, California, Defendants committed negligent acts, and the acts were the legal and proximate cause of injuries and damages to Plaintiff. See (Id. at 5). As to Plaintiff's second cause of action, the Complaint alleges on the same date and in the same location, "Defendants, and each of them, so carelessly and negligently owned, operated, maintained, drove, controlled, and entrusted their motor vehicle causing bodily injury and other damages to Plaintiff." (Id. at 5–6). The Complaint does not state Defendants' citizenship or an amount-in-controversy. See (id.).

On February 2, 2023, Plaintiff served Defendant Alliance in Grand Saline, Texas. (ECF Nos. 22-5 ¶ 5; 22-7, Ex. B at 2). On February 4, 2023, Plaintiff served Defendant Hinson in Breckenridge, Texas. (ECF Nos. 22-5 ¶ 4; 22-6, Ex. A at 2). That same day, Plaintiff filed a Statement of Damages in the Los Angeles County Superior Court, which revealed that the amount-in-controversy was approximately $3,120,000.00. (ECF No. 1 ("Notice of Removal") ¶ 5; ECF Nos. 1-3; 22-5 ¶ 6; 22-8 Ex. C at 8–9).

On March 3, 2023, Defendants removed the case to this Court based on diversity jurisdiction. (Notice of Removal). The Notice of Removal asserts that the amount-in-controversy requirement is satisfied based on Plaintiff's Statement of Damages. (Notice of Removal ¶ 5). The Notice of Removal also asserts that the requirement of complete diversity is satisfied because Plaintiff is a citizen of California, Defendant Hinson is a citizen of Texas, and Defendant Alliance is a limited liability company organized under the laws of the State of Texas with all four of its members – Caleb Collins Jackson, Katrina Jackson, Kayden Jackson, and Carol Kuh – being residents of Texas. (Id. ¶ 6). The Notice of Removal did not attach evidence for these assertions.

On March 27, 2023, Plaintiff filed a motion to remand. (ECF No. 6). On March 28, 2023, the Court issued an Order Re Deficiency stating that "Plaintiff's Motion for Remand

filed at (Dkt. No. 6) fails to comply with Rules 6-1, 7 and 52-4.1," and struck the motion. (ECF No. 11). Plaintiff then immediately filed the instant Motion. (Mot.). On April 26, 2023, Defendants filed an opposition to the Motion. (ECF No. 22 ("Opp.")). Plaintiff did not file a reply to the opposition.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, with subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See* U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331 or there is diversity jurisdiction under 28 U.S.C. § 1332. Courts have diversity jurisdiction over cases where there is complete diversity of parties and the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. . . ." 28 U.S.C. § 1332(a).

A defendant may remove an action to federal court based on diversity jurisdiction "provided that no defendant 'is a citizen of the State in which such action is brought.'" *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (quoting 28 U.S.C. § 1441(b)); *see also Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 679 (9th Cir. 2006) (the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." (citations omitted)). An individual is a citizen of the state where he or she is domiciled, meaning the state where the individual resides and intends to remain or to which the individual intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A limited liability corporation or "LLC is a citizen of every state of which its owners/members are citizens."[1] *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); 28 U.S.C. § 1332(c)(1).

---

[1] According to Royal, it has one managing member: Royal Holdings, Inc., a Delaware corporation with its principal place of business in South Bend, Indiana. (Compl. at 3 ¶ 13).

The removal statute is strictly construed against removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). There is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992) (citation omitted). "The presumption against removal means that 'the defendant always has the burden of establishing that removal is proper.'" *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (quoting *Gaus*, 980 F.2d at 566). Courts resolve any doubt about the right of removal in favor of remand. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018).

### III.  DISCUSSION

Plaintiff argues that the case should be remanded because the Complaint does not allege the Defendants' citizenship, and the Notice of Removal fails to provide sufficient evidence regarding the Defendants' citizenship. (Mot. at 3–5). Plaintiff also requests an award of Plaintiff's "just costs and expenses incurred in connection with Defendant's attempted removal . . . ." (*Id.* at 5).

Defendants respond that the Motion should be denied because Plaintiff did not meet and confer prior to filing his Motion. (Opp. at 16–17). Citing *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81 (2014), Defendants also argue that they were not required to attach to the Notice of Removal evidence showing Defendants' citizenship. (*Id.* at 9–12). Additionally, Defendants' argue that removal is nevertheless proper under 28 U.S.C. § 1441(b) based on the evidence attached to their opposition to the Motion, *see* (*id.* at 12–15), and, as such, Plaintiff is not entitled to sanctions. *See* (*id.* at 17–18). The Court addresses each argument in turn.

#### A.  Plaintiff Failed to Comply with Local Rule 7-3

As threshold issue, Defendants assert that Plaintiff failed to meet and confer prior to filing the instant Motion, as is required by Local Rule 7-3. (Opp. at 16–17). Defense counsel also has filed a declaration in support of Defendants' opposition, which represents that Plaintiff did not meet and confer prior to filing the instant Motion. (ECF Nos. 22-5 ¶

3). Attached to the declaration is a letter dated April 10, 2023, in which defense counsel requested Plaintiff withdraw the Motion and reminded Plaintiff of the obligation under Local Rule 7-3. (ECF Nos. 22-5 ¶ 8;[2] 22-10, Ex. E at 2). Also attached as an exhibit to defense counsel's declaration are emails between defense counsel and Plaintiff's counsel in which defense counsel repeatedly reminded Plaintiff's counsel of the obligation to meet and confer and one email in which Plaintiff counsel denied he had an obligation to meet and confer with defense counsel before filing the Motion. (ECF Nos. 22-5 ¶ 7, 22-11, Ex. F at 2 (wherein Plaintiff's counsel wrote, "I don't recall the court ever being notified [sic] of me of my obligation to meet and confer. Nor do I recall authority compelling such an obligation.")). Defense counsel is correct that an obligation exists to meet and confer, and that Plaintiff's counsel has failed to comply with that obligation.

Local Rule 7-3 explicitly instructs that "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." C.D. Cal. L.R. 7-3. This rule is to be taken seriously, as courts have denied motions based on a party's failure to comply with Local Rule 7-3. *See Mejia De Leon v. Subaru of Am., Inc.*, CV 22-9454-GW-JCx, 2023 WL 2663264, at *1 (C.D. Cal. Mar. 1, 2023) (listing cases).

The Court reminded Plaintiff's counsel of the obligation to comply with the meet and confer requirement when it issued its Order Re Deficiency, which stated that Plaintiff had failed to follow several Local Rules. *See* (ECF Nos. 6, 11). Once again, the Court reminds counsels that all litigants are required to comply with all appliable rules, including the Federal Rules of Civil Procedure, Federal Rules of Evidence, and Local Rules when practicing before this Court. Further, based on the circumstances of this Motion, Plaintiff's counsel is cautioned that any further evidence that any of these rules has been intentionally disregarded could result in appropriate sanctions being imposed. The Court, however,

---

[2] The letter is referenced in a paragraph labeled "6" in the declaration, but because the declaration inadvertently repeats numbers 6 and 7, the reference is actually contained in the eighth numbered paragraph of the declaration.

exercises its discretion to consider the Motion and, for the reasons discussed below, denies Plaintiff's Motion.

### B. Defendants' Proffer Of Citizenship Evidence in Opposition to the Motion is Permissible

To remove a case to federal court, a removing defendant is only obligated to file a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "Congress, by borrowing the familiar short and plain statement standard from Rule 8(a), intended to simplify the pleading requirements for removal and clarify that courts should apply the same liberal rules [to removal allegations] that are applied to other matters of pleading." *Dart Cherokee*, 574 U.S. at 87 (internal quotations and citations omitted). Thus, a removing defendant's allegations of citizenship in the notice of removal may be based on "information and belief," and "need not contain evidentiary submissions." *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) (citations and internal quotations omitted); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (when removing a case, defendants are "merely required to allege (not prove)" the citizenship of the parties).

However, if the plaintiff disputes in a motion to remand the defendant's allegations as to complete diversity contained in the notice of removal, the defendant may then "submit evidence of the parties' citizenship in an opposition to [the] motion to remand and satisfy its burden." *Murrieta v. Alvarado v. FCA US LLC*, EDCV 17-505 JGB (DTBx), 2017 WL 2495495, at *5 n.5 (C.D. Cal. June 8, 2017) (citing *Waller v. Hewlett-Packard Co.*, 11CV0454-LAB RBB, 2011 WL 8601207, at *2 (S.D. Cal. May 10, 2011)); *Dejong v. Prod. Assocs.*, CASE NO. CV 14-02357 MMM (DTBx), 2015 WL 1285282, at *3 (C.D. Cal. Mar. 19, 2015) ("[T]he fact that [defendant] proffers evidence regarding the parties' citizenship for the first time in its opposition to the remand motion does not compel the court to return the action to state court.").

Here, Plaintiff's claims arise under state law and, as Plaintiff acknowledges, the Complaint does not contain allegations regarding the Defendants' citizenship. *See* (Mot at

4 ("Plaintiff's pleadings provides no basis for removable [sic] as to ALLIANCE FABRICATION & PROCESS PIPING LLC, a business entity form unknown, and LONNIE GENE III HINSON . . . ."). And although Defendants' Notice of Removal alleges that removal is based, in part, on complete diversity of citizenship, *see* (Notice of Removal at 3), no supporting evidence is attached showing Defendants' citizenship. Nevertheless, based on *Dart Cherokee* and its progeny, Defendants did not need to attach evidence demonstrating complete diversity to their Notice of Removal. *See also Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d at 1227. Instead, that obligation was only triggered after plaintiff disputed Defendants' assertions. It thus is permissible for Defendants to provide evidentiary support on the issue of their citizenship for the first time in opposition to the Motion and for the Court to consider that evidence.

### C. Defendants' Citizenship Evidence is Sufficient

Defendants argue that, through the evidence attached to their opposition, they have shown complete diversity. *See* (Opp. at 12–15). The Court agrees. For diversity jurisdiction, a person is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed. *See Adams v. West Marine Prods.*, 958 F.3d 1216, 1221 (9th Cir. 2020) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). A person's "domicile" is her "permanent home" – that is, "where (i) she resides, (ii) with the intention to remain or to which she intends to return." *Id.* (internal quotations and citation omitted). The citizenship of a business entity, on the other hand, is determined by its organizational structure. If the business is a corporation, it is a citizen of the state where it is incorporated and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1). While a limited liability company ("LLC") "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage*, LP, 437 F.3d 894, 899 (9th Cir. 2006).

Per the Notice of Removal, Defendants assert that Plaintiff is domiciled in California. (Notice of Removal ¶ 6). Plaintiff does not dispute this assertion. *See* (Mot.). Defendants also assert that Defendant Hinson is domiciled in Texas. (Notice of Removal

¶ 6). In support, Defendants attach the declaration of Defendant Hinson to their opposition. (ECF No. 22-2). Defendant Hinson declares that he is a citizen of the United States and is a permanent resident of Breckenridge, Texas. (*Id.* ¶¶ 3–4). Defendant Hinson also declares that he intends to live in Texas indefinitely, receives his mail in Texas, and is registered to vote there. (*Id.* ¶ 4). Additionally, Defendant Hinson declares that he does not maintain a home in California, and he is not a resident of California. (*Id.* ¶ 5). The Court finds this sufficient to demonstrate Defendant Hinson is domiciled in Texas. *See, e.g.*, *Conca v. RJ Lee Grp., Inc.*, No.4:15-CV-5017-EFS, 2015 WL 1534050, at *3 (E.D. Wash. Apr. 6, 2015) (finding defendant showed diverse citizenship for each individual defendant based on declarations attached to the opposition to the motion to remand).

      Finally, Defendants argue that Defendant Alliance is organized as an LLC, and all four of its members – Caleb Collins Jackson, Katrina Jackson, Kayden Jackson, and Carol Kuh – are domiciled in Texas. (Notice of Removal ¶ 6). In Support of this assertion, Defendants attach declarations from Caleb Jackson, Katrina Jackson, and Carol Kuh. (ECF Nos. 22-1; 22-3; 22-4). Caleb Jackson declares that Defendant Alliance is an LLC, is headquartered in Texas, and that its members consist of himself, his wife (Katrina Jackson), his minor son (Kayden Jackson), and his mother-in-law (Carol Kuh). (*Id.* 22-1 ¶¶ 2–4). Caleb Jackson also declares that all four members are citizens of the United States, permanent residents of Grand Saline, Texas, and all intend to live in Texas "indefinitely." (*Id.* ¶ 6). Additionally, Caleb Jackson declares that he lives with Katrina Jackson and Kayden Jackson in Grand Saline, Texas, and that Carol Kuh also lives in Texas. (*Id.* ¶ 5). Finally, Caleb Jackson declares that none of the four members maintains a home in California, and none are residents of California. (*Id.* ¶ 7). Caleb Jackson's assertions are supported by the declarations of both Katrina Jackson and Carol Kuh. (ECF Nos. 22-3 ¶¶ 2–7; 22-4 ¶¶ 2–7). The Court finds these declarations sufficient to demonstrate Defendant Alliance is domiciled in Texas because all four members are domiciled in Texas.

Thus, Defendants have demonstrated that complete diversity exists. Moreover, because the amount-in-controversy exceeds $75,000, the Court's exercise of subject matter jurisdiction based on diversity of citizenship is appropriate.[3]

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion is DENIED.

**IT IS SO ORDERED.**

Dated: May 16, 2023

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE

---

[3] Because removal was appropriate, the Court also finds that Plaintiff is not entitled to the award of its costs and expenses. Plaintiff's request is therefore denied.